OPINION OF THE COURT
F. Warren Travers, J.
Petitioners commenced this CPLR article 78 proceeding challenging an administrative decision by the respondents dated April 10, 1991. The administrative decision denied a request for redetermination of a penalty imposed upon Suffolk County Department of Social Services. The penalty was imposed upon the petitioners’ failure to meet the child support collection goal set for Suffolk County for State fiscal year 1989-1990. The penalty amounted to $142,000. The petitioners also seek to challenge the methodology used to allocate the Aid to Dependent Children (ADC) support collection goal among the various local social services districts.
The respondents have answered the petition. The verified answer raises two objections in point of law. The respondents contend that the petition is untimely and barred by the four-month Statute of Limitations insofar as it challenges the methodology used by respondents. The respondents also contend that the petitioners lack standing to challenge the methodology used by respondents in allocating the State-wide child support collection goal.
The total State-wide child support collection goal is set each year in the State budget pursuant to Social Services Law § 111-b (5). The Commissioner of Social Services is delegated authority to allocate a portion of the State-wide goal to each social services district. The respondents’ papers argue that the petitioners lack standing to challenge the State-wide goal set by the Legislature through the budget. The petitioners are not challenging the amount of the State-wide goal but rather the Commissioner’s allocation of the goal.
The petitioners are representatives of the agency and *934 municipality directly affected by the respondents’ actions. Petitioners have a real interest in this matter.
Respondents contend that the adoption of the regulation commences the running of the four-month Statute of Limitations. Petitioners contend the Statute of Limitations period begins to run not from the adoption of the regulation but from the time it has an adverse impact upon the petitioners.
In order to establish standing to sue, a plaintiff must establish two things: (1) that he has suffered or may suffer an injury in fact from the challenged action, and (2) that the interest asserted is arguably within the zone of interest to be protected by the statute (Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433).
The Court of Appeals declared in Matter of Edmead v McGuire (67 NY2d 714, 716) "[a] challenged determination is final and binding when it 'has its impact’ upon the petitioner who is thereby aggrieved.” (See also, Matter of Wing v Coyne, 129 AD2d 213.) The four-month period of time did not begin to run until petitioners received the Commissioner’s final decision and were thereby impacted by the regulation.
The court concludes that the petitioners have standing to bring this proceeding and that it was timely commenced.
Pertaining to judicial review of administrative rules, Judge Bellacosa, writing for the majority in New York State Assn. of Counties v Axelrod (78 NY2d 158, 166), stated, "an administrative regulation will be upheld only if it has a rational basis, and is not unreasonable, arbitrary or capricious (Matter of Bates v Toia, 45 NY2d 460, 464; Matter of Bernstein v Toia, 43 NY2d 437, 448; Ostrer v Schenck, 41 NY2d 782, 786). Administrative rules are not judicially reviewed pro forma in a vacuum, but are scrutinized for genuine reasonableness and rationality in the specific context (Matter of Bates v Toia, supra, at 464). The challenger must establish that a regulation 'is so lacking in reason for its promulgation that it is essentially arbitrary’ (Matter of Marburg v Cole, 286 NY 202, 212; see, Molina v Games Mgt. Servs., 58 NY2d 523, 529; Matter of Bates v Toia, supra, at 464; Matter of Bernstein v Toia, supra, at 448; Ostrer v Schenck, supra, at 786)”.
Social Services Law § 111-b (5) (a) states in part as follows: "The commissioner shall, subject to the approval of the director of the budget, annually allocate a portion of the statewide goal to each social services district, which portion shall be *935 based upon the district’s portion of the statewide aid to dependent children program and other relevant factors.”
The Commissioner has been delegated broad authority to adopt an allocation method. The allocation method adopted is explained in affidavits submitted in opposition to the petition. The method includes consideration of the relative case load of the social services district, income levels, prior year’s performance, unemployment rate along with other factors. The court concludes that the regulation has a rational basis and must be upheld.
It does appear that a social services district that has successfully met or exceeded its collection goal for a number of years would be adversely affected by an ever-increasing goal. Perhaps this factor should also be considered by the Commissioner in any future changes in the allocation method.
The court has read and considered the remaining issues raised by petitioners and finds them to be without merit. Therefore, it is ordered and adjudged that the petition is hereby dismissed without costs.