■ In the Matter of PATRICK G. HALPIN, as County Executive of Suffolk County, et al., Appellants, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [610 NYS2d 367] —Mercure, J.

Appeal from a judgment of the Supreme Court (Travers, J.), entered July 23, 1992 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Social Services, *inter alia,* imposing a penalty upon petitioner Suffolk County Department of Social Services for its failure to meet the child support collection goal set for petitioner County of Suffolk for State fiscal year 1989-1990.

Each year, respondents are required to allocate among the local social services districts a portion of the Aid to Dependent Children (hereinafter ADC) State-wide child support collection goal *(see,* Social Services Law § 111-b [5] [a]; 18 NYCRR 347.21). Pursuant to an administrative directive (hereinafter 89 ADM-30), respondents have used a multiple regression methodology for allocating the State-wide goal to local districts since 1979. Utilizing this methodology, petitioners' goal was set at $9,662,771 for State fiscal year 1989-1990 and petitioners were so apprised in August 1989. Petitioners' actual collections for State fiscal year 1989-1990 totalled $9,093,971 and respondents, in July 1990, penalized petitioner Suffolk County $142,200, 25% of the goal deficit *(see,* Social Services Law § 111-b [5] [b]; 18 NYCRR 347.22).

In October 1990, petitioners requested a redetermination of the $142,200 penalty pursuant to the procedures delineated in Social Services Law § 111-b (5) (c) and 18 NYCRR 347.23. In April 1991, respondents denied petitioners' request for a redetermination on the ground, *inter alia,* that "goal formulation and * * * methodology are unacceptable factors for requesting redetermination". Petitioners commenced this CPLR article 78 proceeding in August 1991, challenging respondents' initial determination to impose a penalty and the subsequent redetermination that declined to forgive the penalty, and seeking an order enjoining respondents from using the 89 ADM-30 methodology to determine future ADC collection goals and penalties. Concluding, *inter alia,* that the goal allocation methodology adopted by respondents had a rational basis, Supreme Court dismissed the petition. Petitioners appeal.

Initially, we reject respondents' argument that the appeal is untimely. The party seeking to limit the time of another to take an appeal must adhere strictly to the provisions of the statute *(Kelly v Sheehan,* 76 NY 325; *Nagin v Long Is. Sav. Bank,* 94 AD2d 710). Here, a copy of the judgment was served upon petitioners no later than May 13, 1992 with a transmittal letter stating that the judgment "was filed with the Al-

bany County Clerk on April 10, 1992". Entry does not occur, however, until the clerk files the judgment after signing it (CPLR 5016 [a]; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5016, at 641) and, thus, notice of *filing* with the clerk is not notice of *entry.* Because proper notice of entry was never served on petitioners, their time to appeal was not limited *(see,* CPLR 5513 [a]), and the notice of appeal, served November 30, 1992, was therefore timely *(see, Matter of Upset, Inc. v Power Auth.,* 59 AD2d 630; *cf., Cremona & Co. v Dell,* 6 AD2d 719, *lv dismissed* 5 NY2d 708, 843).

We next turn to respondents' assertion that, inasmuch as petitioners received notice of the 89 ADM-30 methodology in August 1989, this CPLR article 78 proceeding commenced in August 1991 is barred by the applicable four-month Statute of Limitations *(see,* CPLR 217). Petitioners argue that they were not adversely affected until they received respondents' April 1991 redetermination and, therefore, the Statute of Limitations did not begin to run until that time. We disagree. An article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). A determination becomes final and binding when it has an impact upon a petitioner or when it becomes clear that a petitioner has been aggrieved *(see, Langham v State of New York,* 124 AD2d 405, 406, *lv denied* 69 NY2d 605). Applying this standard to the facts of the instant case, it is our view that the Statute of Limitations began to run on August 31, 1989 when petitioners received 89 ADM-30, which clearly notified them of the methodology utilized as well as their child support collection goal for the State fiscal year 1989-1990. In August 1989, petitioners not only knew the amount of the goal, but the factors that were used in its calculation and the amount of child support they historically had collected. Significantly, petitioners were apprised at that time that they could not contest the validity of the methodology or goal formulation in the redetermination process. We conclude therefore that petitioners' attack upon the validity of the methodology is time barred *(see, Sitrin Nursing Home Co. v McBarnette,* 198 AD2d 579; *Sunrest Nursing Home v Whalen,* 99 AD2d 206, 208).

Finally, even if petitioners' challenge to the methodology is timely, Supreme Court properly found that petitioners failed to make a compelling showing of unreasonableness *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 166; *Matter of New York Univ. Med. Ctr. v Axelrod,* 188 AD2d 207,

210, *lv denied* 81 NY2d 711). Such a showing is required because of the quasi-legislative nature of rate-setting actions, which are "not confined to factual data alone, but involve broader judgmental considerations based upon the expertise and experience of the administrative agencies" *(Matter of Highland Nursing Home v Axelrod,* 164 AD2d 83, 85). The record demonstrates that the 89 ADM-30 methodology, based upon consideration of a district's portion of the State-wide ADC program and other factors, including, *inter alia,* local populations, mean income levels and prior years' performance, comports with Social Services Law § 111-b (5).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. *[See,* 153 Misc 2d 932.]