■ RONALD J. EIGENBRODT, Respondent, v BARBARA A. EIGEN-BRODT, Appellant. [629 NYS2d 328] —Mikoll, J. Appeal from a judgment of the Supreme Court (Connor, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 30, 1993 in Columbia County, upon a decision of the court.

The parties were married in 1959 and separated in 1985. The parties signed a separation agreement in June 1988 in which they agreed to the disposition of most of their marital assets: the equal division of their 26 acres of real property, their mutual fund account, growth fund, savings bonds, common stock and coin collection; the equal division of money from the sale of their refuse disposal business; and an equal division of liability for the judgment pending in a civil matter against them. The parties also divided their household furnishings and other personalty. The agreement was to be incorporated but not merged into the judgment of divorce.

Left for resolution was the disposition of two Hudson City Savings accounts, two motor vehicles (a 1980 pickup truck and a 1965 jeep), scrap copper,* a large number of return deposit bottles, farm machinery, 21 standardbred horses, racing and training equipment associated with the horses, and various items of personal property. Defendant also sought expenses for the removal of a horse trailer from the Town of Chatham fairgrounds in Columbia County, the cost of repair of her teeth after an alleged assault by plaintiff, an equal distribution of $600 for the sale of two trucks by plaintiff, and her proportionate share of the sum owed to her from the sale of the refuse business, which defendant alleged had not been remitted in accordance with the parties' separation agreement. Plaintiff requested reimbursement for one half of $2,255.92 he claims to have paid for business taxes, and a credit for $344 he paid for defendant's car insurance against the sale by him of two pickup trucks for $700.

Prior to trial, plaintiff withdrew his complaint and reply to defendant's counterclaim, and the parties stipulated to proceed by default judgment on defendant's counterclaim for divorce on the grounds of cruel and inhuman treatment. A judgment of divorce was granted to defendant and the separation agreement was incorporated therein but not merged. Supreme Court held, on the issues submitted to it, that the sale of the parties' refuse disposal business had been equitably distributed, that inasmuch as defendant had refused to sign certificates of

* In addition to the copper, there was testimony at trial from both parties concerning scrap iron, aluminum and brass also left on the parties' property.

registration enabling the sale of the standardbred horses at their full market value, they had also been equitably distributed; that defendant was entitled to the household furnishings and plaintiff to the farm machinery. Plaintiff was further awarded $9,000 for the expenses of the care and feeding of the horses, ownership of the jeep, $2,500 to $3,000 for the value of the horse equipment, $344 for payment of defendant's automobile insurance, $600 for the value of the scrap iron and copper, $200 for the value of the scrap aluminum, $255 for the value of the return deposit bottles, $2,500 for the value of the farm machinery and $1,127 for defendant's share of the business tax liability. This appeal by defendant ensued.

Plaintiff argues that defendant's appeal is untimely. A party seeking to appeal a final judgment or order has 30 days within which to file an appeal, the time for which begins running upon service on the party of both "a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]). A judgment is entered only after it has been both signed and filed by the County Clerk (CPLR 5016 [a]). Where, as here, the judgment is duly mailed to defendant, service upon defendant is complete upon mailing. However, plaintiff bears the burden of strict compliance with the notice requirements of CPLR 5513, so that the 30-day time period begins to run on the date that mailing occurs (see, Matter of Halpin v Perales, 203 AD2d 675, 676-677).

While Supreme Court's judgment is stamped as having been filed on November 30, 1993, the judgment accompanying plaintiff's affidavit of service does not bear the signature of the County Clerk (see, CPLR 5513 [a]). Providing defendant with only a written notice of filing of Supreme Court's judgment does not comply with CPLR 5513 (a) and, as such, notice of entry to defendant was not effected on December 6, 1993, as plaintiff contends. Defendant does acknowledge receipt of notice of entry from plaintiff by letter dated January 31, 1994 and defendant's filing of a notice of appeal on February 22, 1994 is therefore within the 30-day time to appeal (see, CPLR 5513 [a]; Matter of Halpin v Perales, supra, at 677; Wilmet v New Holland, 145 AD2d 765, 766, lv denied 73 NY2d 709). We thus hold that the appeal was timely filed.

Addressing defendant's challenge to the judgment, we conclude that it should be reversed as Supreme Court failed to properly articulate the factors upon which it relied in making the award of equitable distribution, as required by the Domestic Relations Law (see, e.g., Dean v Dean, 214 AD2d 786), and we are unable on this record to effectively make an appropriate distribution.

We note that Supreme Court's decision failed to distribute the two Hudson City Savings accounts and the pickup truck, or the additional expenses sought by defendant for the costs of removal of the horse trailer from the Town of Chatham fairgrounds and the costs of her teeth repair.

Supreme Court's conclusory statement, that the proceeds of the parties' refuse business has been equitably distributed, in view of defendant's testimony that she did not receive the money and in the face of no testimony by plaintiff of payment, cannot stand. Further, Supreme Court's unsupported statement that the horses owned by the couple were equitably distributed also fails as illogical. Defendant testified that she received no payment for the horses. There is no indication in the record as to how and when proceeds derived from these sales were distributed by plaintiff to defendant.

Further, we find the award to plaintiff of $9,000 in alleged maintenance costs for the horses totally unsupported by any proof in the record. Plaintiff was divesting himself of the horses for some time. It is unclear how many horses plaintiff cared for at any given time nor is there proof in the record of the actual costs of their maintenance. In view thereof, there was no basis for Supreme Court's assignment to defendant of the whole liability for this unproven debt. The liability for the debt must be distributed in the same manner as marital assets (*see, Matter of State of New York v Goldstein*, 170 AD2d 789, 791, *lv denied* 78 NY2d 861), that is, a consideration of the factors provided for in the Domestic Relations Law must be engaged in, to strike a just balance. Plaintiff and defendant had a long-term marriage. Where, as here, both spouses contribute equally to the marriage and their opting-out agreement indicates their intention to distribute assets equally, a division of marital property should be made on as equal a basis as possible (*see, Ahrend v Ahrend*, 123 AD2d 731).

Supreme Court's other awards are puzzling and not explainable in view of the fact that plaintiff consented to the award to defendant of one half the value of the scrap copper, an equal division of proceeds from the sale of the cache of return deposit bottles and the horse equipment, all personal property she sought and a 50% interest in the jeep. Defendant, on the other hand, had withdrawn her claim to one half the value of the two pickup trucks sold by plaintiff in view of his payment of her car insurance and, finally, both parties acknowledged that the horse equipment was valueless. Nonetheless, Supreme Court proceeded to award to plaintiff the jeep, $2,500 to $3,000 for the worthless horse equipment, plaintiff's estimate of the

value of the scrap copper ($600) and aluminum ($200), and a $344 credit for car insurance which was already credited to plaintiff by defendant's waiver of one half the value of two old pickup trucks. These findings were contrary to the parties' agreement and unsupported by the record. Finally, the award to plaintiff of both the farm machinery and his estimate of its value ($2,500) is unsupported by either factual findings or the record, in view of the fact that plaintiff testified that he had already realized $2,000 on the sale of several pieces of this equipment.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

