■ VICTOR POROWSKI, Respondent, v DOLORES MASON et al., Appellants. [657 NYS2d 71] —In an action, *inter alia*, for specific performance of a contract for the sale of real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated May 3, 1996, which granted the plaintiff's motion, denominated as a motion to amend a prior order and judgment (one paper) of the same court dated June 8, 1995, but which was, in effect, to reargue the defendants' prior motion to dismiss the complaint, and, upon reargument, granted the motion on condition that they reimburse the plaintiff the sum of $2,400 for title search and survey expenses and return his $4,000 deposit.

Ordered that the order and judgment is modified by deleting the provision thereof which granted the defendants' motion to dismiss the complaint on condition that the defendants reimburse the plaintiff for his title expenses and surveyors' services in the sum of $2,400 and return the contract deposit of $4,000, and substituting therefor a provision denying the defendants' motion; as so modified, the order and judgment is affirmed, with costs to the plaintiff, the order and judgment dated June 8, 1995, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings.

In this action for specific performance, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (8) alleging, *inter alia*, that they had already returned the plaintiff's deposit. That motion was unconditionally granted by a "decision, order and judgment" (one paper) dated June 8, 1995.

Some nine months later the plaintiff moved to amend that prior order and judgment contending that his deposit had not been returned and that pursuant to the contract of sale he was entitled to recovery of his expenses for title examination and survey charges.

The Supreme Court deemed the plaintiff's motion as one to reargue and, upon reargument, the court granted the defendants' motion to dismiss the complaint on the condition that they reimburse the plaintiff the sum of $2,400 for title search and survey expenses and return his $4,000 deposit.

Because the plaintiff's motion was based on the court's misapprehension of the facts, the Supreme Court properly treated it as a motion for reargument (*see, Bolas v Staten Is. Hosp.*, 217 AD2d 643; *Loland v City of New York*, 212 AD2d 674). As such, the plaintiff was required to make the motion within the time allowed for taking an appeal from the determination in question (*see, Matter of Huie [Furman]*, 20 NY2d 568, 572).

Here, the notice of entry referred only to a "decision", and it was therefore defective and did not commence the time period in which the plaintiff had to take an appeal (*see, Matter of Halpin v Perales*, 203 AD2d 675; *Masters, Inc. v White House Discounts*, 119 AD2d 639; *Nagin v Long Is. Sav. Bank*, 94 AD2d 710; *cf., Deygoo v Eastern Abstract Corp.*, 204 AD2d 596).

Although the plaintiff's motion was not untimely, the Supreme Court erred by granting the motion to dismiss the complaint on the condition that the defendants return the $4,000 deposit and pay the plaintiff $2,400 in title search and survey fees. This essentially awarded the plaintiff summary judgment in the amount of $6,400 and was improper since, before treating the CPLR 3211 motion to dismiss a complaint as a motion for summary judgment, the court should have given the parties notice of its intention to do so (*see, Spoesis Constr. v Solomon*, 199 AD2d 491). Accordingly, the matter is referred to the Supreme Court, Richmond County, for further proceedings on the complaint. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.

■ LAURA M. POSITANO, an Infant, by Her Parents and Natural Guardians, MARIE POSITANO and Another, et al., Appel-