[804 NE2d 411, 772 NYS2d 247]

In the Matter of JOHN L. REYNOLDS, Appellant, v ERNEST J. DUSTMAN et al., Respondents.

Decided December 23, 2003

## APPEARANCES OF COUNSEL

*John L. Reynolds*, appellant pro se.
*Dennis V. Tobolski, County Attorney*, Little Valley, for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division to determine the appeal taken to that Court.

Petitioner commenced this CPLR article 78 proceeding challenging respondents' jail time credit determination. Supreme Court dismissed the petition on the merits in a paper which, although labeled a "decision," ended with a sentence stating that "[t]his decision shall constitute the order of the court." The paper was neither stamped with a date and place of entry, nor signed by the clerk. On August 8, 2002, the County Attorney mailed petitioner a copy of the "decision" with a cover letter stating "[e]nclosed herewith please find the *decision filed* in the County Clerk's Office on August 6, 2002" (emphasis added). On February 13, 2003, petitioner filed a notice of appeal, dated February 10, 2003. The Appellate Division dismissed the appeal as untimely, citing *Norstar Bank of Upstate N.Y. v Office Control Sys.* (78 NY2d 1110 [1991]).

CPLR 5513 (a) states that "[a]n appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry. . . ." It is well settled that the requirements of CPLR 5513 (a) must be strictly followed (*see Kelly v Sheehan*, 76 NY 325, 326 [1879]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:1, at 169; CPLR C5513:2, at 171). Compliance with CPLR 5513 (a) requires a notice of entry that refers to the appealable paper, and the date and place of its entry (*see Norstar Bank*, 78 NY2d 1110 [1991]; *Porowski v Mason*, 238 AD2d 559, 560 [2d Dept 1997]; *Matter of Halpin v Perales*, 203 AD2d 675, 676-677 [3d Dept 1994]).

Although the Supreme Court paper respondents served identifies itself as both a decision and order, it can be treated as a judgment determining the proceeding, an appealable paper (*see* CPLR 411; 5512 [a]). Nevertheless, respondents' cover letter describing the enclosure as a "decision filed" was not notice of entry of a judgment or order. Consequently, the cover letter is insufficient for the notice of entry required by CPLR 5513 (a). In addition, because their cover letter did not alert petitioner to the enclosure of an appealable paper, respondents cannot rely on notations on the enclosed paper itself as providing essential elements of a notice of entry (*cf. Norstar Bank*, 78 NY2d at 1110). Moreover, the paper respondents enclosed was neither stamped with the date and place of entry nor signed by the clerk, and therefore did not provide the essential elements of a notice of entry (*see* CPLR 5016 [a]). Thus, petitioner's time to appeal never commenced running and his appeal was timely taken.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur in memorandum.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.