■ DEREK EVANS, Respondent, v MARLENA EVANS, Appellant. [851 NYS2d 519]—

Judgment of divorce, Supreme Court, New York County (Joan B. Lobis, J.), entered July 26, 2006, inter alia, distributing the parties' marital property, unanimously affirmed, without costs. Judgments, same court and Justice, entered June 9, 2006, awarding counsel fees to plaintiff's attorneys, unanimously affirmed, without costs.

The court properly considered the relevant factors in determining an equitable distribution of the marital property (*see* Domestic Relations Law § 236 [B] [5] [d]). In particular, we

perceive no basis to disturb the court's findings, which rest largely on the parties' credibility, concerning plaintiff's direct and indirect contributions to such property (subd [5] [d] [6]; *see Rostropovich v Guerrand-Hermes*, 18 AD3d 211 [2005]).

Nor is there reason to disturb the court's valuation of plaintiff's equity interest in the management consulting firm by which he is employed. The court properly relied on the opinion of the neutral appraiser (*see Burns v Burns*, 84 NY2d 369, 375 [1994]).

Defendant is not entitled to an additional separate property credit from the proceeds of the sale of the marital residence because, as the trial court found, she failed to establish that her separate money, which was commingled with joint funds, was used in the purchase of the residence (*see Pullman v Pullman*, 176 AD2d 113, 114 [1991]).

In light of the large discrepancy between the parties' disposable incomes and assets, which defendant repeatedly argued at trial and on appeal, the court's award of counsel fees did not constitute an inappropriate exercise of discretion (*see Shai v Shai*, 301 AD2d 461, 462 [2003]).

Defendant's remaining contentions are unavailing. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.