■ FERNANDO J. MALDONADO, Appellant, v MONICA P. MALDO-NADO, Respondent. [955 NYS2d 2]—

Judgment, Supreme Court, Bronx County (Ellen Gesmer, J.), entered on or about April 2, 2010, insofar as appealed from as limited by the briefs, awarding defendant 35% of the appreciation in value of plaintiff's Manhattan apartment, imputing tip income to plaintiff for the purpose of calculating child support, and directing plaintiff to pay defendant $15,000 in counsel fees, unanimously affirmed, without costs.

Defendant was properly awarded a portion of the appreciation of plaintiff's cooperative apartment. This issue involves a matter of credibility that the court resolved in defendant's favor (*see Evans v Evans*, 48 AD3d 322, 323 [1st Dept 2008]). Moreover, the record supports the court's findings that defendant played a role in the upkeep and maintenance of the apartment, contributed financially to the payments of the mortgage and maintenance, and contributed indirectly by acting as homemaker and mother (*see Lee v Lee*, 48 AD3d 377, 379 [1st Dept 2008]; *Hale v Hale*, 16 AD3d 231, 233 [1st Dept 2005]).

The court also providently exercised its discretion in imputing tip income to plaintiff (*see Ansour v Ansour*, 61 AD3d 536 [1st Dept 2009]; *cf. Brenner v Brenner*, 52 AD3d 322 [1st Dept 2008]). The court was not required to rely upon plaintiff's account of his finances, particularly since the evidence established that plaintiff was earning more than he reported on his tax returns (*see Matter of Culhane v Holt*, 28 AD3d 251, 252 [1st Dept 2006]). Plaintiff had not reported any tip income except in 2007 and the evidence showed that his cash expenditures greatly exceeded the sum of his cash withdrawals.

The award of counsel fees to defendant was based upon a proper consideration of "the financial circumstances of both parties together with all the other circumstances of the case" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; Domestic Relations Law § 237). Plaintiff prolonged the trial by providing false and misleading information to his financial expert, with the result being that the expert's testimony had no value. Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Gische, JJ.