■ John Bruzzese, Appellant, v Sylvia Bruzzese, Respondent. Peter D. Barlet et al., Nonparty Respondents. [61 NYS3d 18]—

Appeals by the plaintiff from (1) a money judgment of the Supreme Court, Orange County (Andrew P. Bivona, J.), dated March 20, 2015, (2) an order of that court (Lori Currier Woods, J.) dated June 23, 2015, (3) an order of that court (Lori Currier Woods, J.) dated August 24, 2015, (4) a second order of that court (Lori Currier Woods, J.) dated August 24, 2015, and (5) stated portions of a judgment of divorce of that court (Lori Currier Woods, J.) dated August 25, 2015. The money judgment, upon a decision of that court (Andrew P. Bivona, J.) dated December 30, 2014, made after a nonjury trial, is in favor of nonparty Peter D. Barlet and against the plaintiff in the principal sum of $8,675.30. The order dated June 23, 2015, upon the decision dated December 30, 2014, granted the motion of nonparty Christine K. Wienberg for leave to enter a money judgment in favor of her and against the plaintiff in the principal sum of $40,004.50. The first order dated August 24, 2015, upon the decision dated December 30, 2014, granted the defendant's motion for leave to enter a money judgment in the favor of nonparty Klein Varble & Associates, P.C., and against the plaintiff in the principal sum of $44,033.20. The second order dated August 24, 2015, upon the decision dated December 30, 2014, granted the defendant's motion to direct the plaintiff to pay her a $10,000 distributive award within 30 days. The judgment of divorce, upon the decision dated December 30, 2014, inter alia, awarded custody of the parties' minor children to the defendant, made an equitable distribution of the parties' marital assets, and awarded the defendant child support and attorney's fees.

Ordered that the money judgment and the orders are affirmed; and it is further,

Ordered that the judgment of divorce is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding a divorce to the defendant on the ground of cruel and inhuman treatment, and substituting therefor a provision awarding a divorce to the defendant on the ground of an irretrievable breakdown of the marital relationship for a period of at least six months, (2) by deleting the provision thereof directing the plaintiff to pay 75% of the children's future reasonable health care expenses not covered by insurance, and substituting therefor a provision directing the plaintiff to pay 65.4% of the children's future reasonable health care expenses not covered by insurance, and (3) by deleting the provision thereof awarding custody of the parties' minor children to the defendant; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Orange County, for a hearing on the issue of custody of the parties' minor children and a new custody determination thereafter in accordance herewith; and it is further,

Ordered that pending the new custody determination, the child Lauren shall remain in the custody of the defendant, and the child Johnny shall remain in the custody of the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the defendant and nonparty Peter D. Barlet, payable by the plaintiff.

In 2011, the plaintiff commenced this action for a divorce and ancillary relief, and the defendant counterclaimed for a divorce. Prior to trial, the parties stipulated to a divorce on the ground of an irretrievable breakdown of the marital relationship pursuant to Domestic Relations Law § 170 (7), and various issues were left for resolution, including custody, equitable distribution, and child support. After a nonjury trial, the Supreme Court, inter alia, awarded the defendant a divorce on the ground of cruel and inhuman treatment, awarded custody of the parties' minor children to the defendant, made an equitable distribution of the parties' assets, and awarded the defendant child support and attorney's fees. The plaintiff appeals.

We reject the contention of nonparty Peter D. Barlet that the appeal from the money judgment dated March 20, 2015, must be dismissed as untimely taken. Initially, we note that Barlet did not move to dismiss the appeal on this ground. In any event, the record does not establish that the money judgment was ever served upon the plaintiff with "written notice of its entry," and thus, Barlet failed to meet his burden of establish-

ing that the time within which to take an appeal from the money judgment ever began to run (CPLR 5513 [a]; *see Matter of Reynolds v Dustman*, 1 NY3d 559, 560 [2003]; *Zapata v County of Suffolk*, 23 AD3d 553, 554 [2005]; *Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 404-405 [2003]; *Matter of Halpin v Perales*, 203 AD2d 675, 677 [1994]).

Nonetheless, in light of, inter alia, the disparity in income between the parties and the plaintiff's conduct that delayed the proceedings, the Supreme Court properly directed the plaintiff to pay attorney's fees to Barlet, the defendant's former attorney (*see* Domestic Relations Law § 237 [a]; *Lubrano v Lubrano*, 122 AD3d 807, 808 [2014]; *Levine v Levine*, 24 AD3d 625, 626 [2005]).

We agree with the plaintiff's contention that the Supreme Court erred in awarding the defendant a divorce on the ground of cruel and inhuman treatment. "Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce" (*Matter of New York, Lackawanna & W. R.R. Co.*, 98 NY 447, 453 [1885]). "[S]tipulations of settlement are judicially favored and are not lightly cast aside absent cause sufficient to invalidate a contract" (*Lewis v Lewis*, 183 AD2d 875, 877 [1992]). Here, there was no showing of cause sufficient to invalidate the parties' stipulation to a divorce on the ground of an irretrievable breakdown of the marital relationship. Accordingly, the court should have awarded the defendant a divorce on this ground.

We also agree with the plaintiff's contention that the Supreme Court erred in calculating his share of the childrens' future unreimbursed health care expenses. Domestic Relations Law § 240 (1-b) (c) (5) (v) provides that when making an award for child support, the court shall prorate each parent's share of reasonable health care expenses not reimbursed or paid by insurance in the same proportion as each parent's income is to the combined parental income. Here, the plaintiff's income accounts for 65.4% of the combined parental income, and therefore, his pro rata share of reasonable health care expenses not reimbursed or paid by insurance should be 65.4%. However, contrary to the plaintiff's contention, the court otherwise properly calculated his child support obligation (*see* Domestic Relations Law § 240; *Kaufman v Kaufman*, 102 AD3d 925, 927 [2013]).

"The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion,

its determination should not be disturbed" (*Scaramucci v Scaramucci*, 140 AD3d 848, 849 [2016] [internal quotation marks omitted]; *see Saleh v Saleh*, 40 AD3d 617 [2007]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witness and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal" (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009] [citations omitted]). Upon consideration of each party's credibility and the particular facts presented in this case, we perceive no basis for disturbing the Supreme Court's equitable distribution award (*see Fields v Fields*, 15 NY3d 158, 161 [2010]; *Franco v Franco*, 97 AD3d 785, 786 [2012]; *Jones-Bertrand v Bertrand*, 59 AD3d 391 [2009]).

"The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (*Black v Black*, 140 AD3d 816, 816 [2016] [internal quotation marks omitted]; *see O'Brien v O'Brien*, 66 NY2d 576 [1985]). "An award of an attorney's fee should be based upon, inter alia, the relative financial circumstances of the parties, the relative merits of their positions, and the tactics of a party in unnecessarily prolonging the litigation" (*Schek v Schek*, 49 AD3d 625, 626 [2008]). Here, considering the disparity in the parties' income and the other circumstances of the case, the Supreme Court providently exercised its discretion in awarding the defendant attorney's fees of $40,004.50 and $44,033.20 (*see* Domestic Relations Law § 237 [a]; *Maldonado v Maldonado*, 100 AD3d 448 [2012]).

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Here, the Supreme Court, after the trial, awarded custody of the parties' minor children to the defendant. However, on appeal, new developments have been brought to this Court's attention by the attorneys for the minor children, including that, after the judgment of divorce was entered, the child Johnny moved into the home of the plaintiff and ceased communicating with the defendant. As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to

review whether a child custody determination is still in the best interests of the children (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]). In light of the new developments brought to this Court's attention by the attorneys for the children, the record is no longer sufficient to determine which arrangement is in the best interests of the children (*see Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d 704, 705 [2014]). Accordingly, we remit the matter to the Supreme Court, Orange County, for a hearing, at which the new facts shall be considered, and a new custody determination thereafter. In so doing, we express no opinion as to the appropriate determination.

Since we are remitting for a hearing on the issue of custody, we note that the Supreme Court, relying on the physician-patient privilege, improperly precluded testimony of two witnesses, Drs. Janet Wilkie and Arthur Riesel, regarding the defendant's mental health. "[I]n a matrimonial action, a party waives the physician-patient privilege concerning his or her mental or physical condition . . . by actively contesting custody . . . However, [t]here first must be a showing beyond mere conclusory statements that resolution of the custody issue requires revelation of the protected material" (*McDonald v McDonald*, 196 AD2d 7, 13 [1994] [citations and internal quotation marks omitted]; *see Baecher v Baecher*, 58 AD2d 821 [1977]). Here, since the defendant actively contested custody, and the plaintiff made the requisite showing that resolution of the custody issue required revelation of the protected material, the court should not have precluded the testimony of Drs. Wilkie and Riesel regarding the defendant's mental health.

The plaintiff's remaining contentions regarding the Supreme Court's evidentiary rulings are without merit. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.