Carlucci v Carlucci (2019 NY Slip Op 05382)





Carlucci v Carlucci


2019 NY Slip Op 05382


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-06736
 (Index No. 202381/15)

[*1]Dina. Carlucci, respondent, 
v
Joseph M. Carlucci, appellant.


Long Tuminello, LLP, Bay Shore, NY (Karen S. Svendsen of counsel), for appellant.
Aiello DiFalco & Gianakos LLP, Garden City, NY (Michael DiFalco of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated April 13, 2018. The order granted the plaintiff's motion for an award of counsel fees in the total sum of $37,370, and denied the defendant's motion for an award of counsel fees.
ORDERED that the order is affirmed, with costs.
The parties were married in 2006, and in 2015 the plaintiff commenced this action for a divorce and ancillary relief. In 2017, the parties entered into a stipulation of settlement, settling all issues except the issue of counsel fees, which they agreed would be determined on motions. The parties then each moved for an award of counsel fees. The Supreme Court granted the plaintiff's motion, awarding her counsel fees in the total sum of $37,370, and denied the defendant's motion. The defendant appeals.
In matrimonial actions such as this one, commenced on or after October 12, 2010, there is a statutory "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237[a]; see L 2010, ch 329, §§ 1, 3; Weidman v Weidman, 162 AD3d 720, 726). "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). In addition, the court may take into account whether either party has delayed the proceedings or engaged in unnecessary litigation (see Weidman v Weidman, 162 AD3d at 726; Margolis v Cohen, 153 AD3d 1390, 1393).
Here, we agree with the Supreme Court's determination that the defendant was the monied spouse, and, considering the overall financial circumstances of the parties and the defendant's conduct during the course of litigation, the court providently exercised its discretion in awarding the plaintiff counsel fees in the total sum of $37,370, and in denying the defendant's motion for counsel fees (see Morille-Hinds v Hinds, 169 AD3d 896; Bruzzese v Bruzzese, 152 AD3d 563, 566).
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court