*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015               518821
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

MICHAEL S. GOODWIN,
                        Appellant.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Susan Rider
Ulacco of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a decision of the County Court of Chemung
County (Keene, J.), dated December 19, 2013, which classified
defendant as a risk level II sex offender pursuant to the Sex
Offender Registration Act.

        Defendant pleaded guilty to rape in the second degree in
full satisfaction of a five-count indictment and was sentenced to
nine months in jail.  The underlying charges stemmed from an
incident where defendant, then 19 years old, engaged in sexual
intercourse with the 14-year-old victim.  In anticipation of his
release from jail, the Board of Examiners of Sex Offenders
completed a risk assessment instrument in accordance with the Sex
Offender Registration Act (see Correction Law art 6-C) that
presumptively classified defendant as a risk level II sex

offender (105 points).  Following a risk assessment hearing, County Court accepted the Board's risk factor scoring, classified defendant as a risk level II sex offender and denied defendant's request for a downward departure.  Defendant now appeals.

County Court was required to "render an order setting forth its determinations and findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]), and such order must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]). Here, the record does not reflect that a written order was ever issued or entered and filed.  We note that while County Court executed the standard form designating defendant's risk level classification, that form is not identified as an order (see CPLR 5512 [a]) and does not contain the "so ordered" language (People v Joslyn, 27 AD3d 1033, 1035 [2006]; see People v Rogowski, 96 AD3d 1113, 1113 n [2012]).  Therefore, this appeal is not properly before this Court at this time and must be dismissed (see CPLR 5513, 5515 [1]; People v Kemp, 130 AD3d 1132, 1132 [2015]; People v Laurange, 97 AD3d 995, 996 [2012]; Matter of Graziano v County of Albany, 12 AD3d 819, 820 [2004]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur.


ORDERED that the appeal is dismissed, without costs.




ENTER:



Robert D. Mayberger
Clerk of the Court