*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 19, 2016                 519584
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

EDWARD CLEVELAND,
                    Appellant.
_____

Calendar Date: April 20, 2016

Before: Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Jay L. Wilber, Public Defender, Binghamton (Nathan E. Schwartzman of counsel), for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

_____

Clark, J.

        Appeal from a decision of the County Court of Broome County (Smith, J.), dated June 26, 2014, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

        Defendant reportedly pleaded guilty to criminal charges and was sentenced to a period of probation.[1] The People completed a risk assessment instrument in accordance with the Sex Offender

_____

        [1] The record on appeal does not contain an accusatory instrument or the plea minutes, or otherwise reflect the precise crime(s) to which defendant reportedly entered a guilty plea.

Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively classified defendant as a risk level I sex offender (55 points), and requested an upward departure to a risk level II classification. Following a two-day SORA hearing,[2] County Court ruled that defendant should be classified as a risk level III sex offender. Defendant now appeals.

By statute, County Court is required to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168–n [3]), and such order must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Goodwin, 131 AD3d 1284, 1285 [2015]; People v Kemp, 130 AD3d 1132, 1132-1133 [2015]). Here, the record does not reflect that a written order was ever issued or entered and filed, and the risk assessment instrument does not contain "so ordered" language so as to constitute an appealable order (see People v Goodwin, 131 AD3d at 1285; People v Joslyn, 27 AD3d 1033, 1035 [2006]; see also CPLR 5512 [a]).[3] Accordingly, this appeal is not properly before this Court and dismissal is required (see CPLR 5513, 5515 [1]; People v Goodwin,

_____

[2] During the first day of the hearing, County Court (Crawley, J.) heard arguments and, on the second day, June 26, 2014, County Court (Smith, J.) took the testimony of the People's witness and rendered a decision from the bench. It is noted that the risk assessment instrument signed by Justice Smith classifying defendant as a risk level III sex offender bears a date of June 13, 2014, the first hearing date.

[3] We note that the minutes of the SORA hearing, which defendant submitted to this Court but are not part of the record, also do not constitute an order (see Correction Law § 168-n [3]). While the final page of the minutes appears to have been filed with the Court Clerk's office, it was not denominated an "order" (CPLR 5512 [a]), was not signed by a judge and does not contain "so ordered" language (see People v Joslyn, 27 AD3d at 1035). Further, the minutes do not reflect that a SORA risk classification order was ever issued by County Court or entered (see CPLR 2220 [a]).

131 AD3d at 1285; <u>People v Kemp</u>, 130 AD3d at 1132; <u>People v Laurange</u>, 97 AD3d 995, 996 [2012]).

Lahtinen, J.P., McCarthy, Devine and Mulvey, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court