*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016                521056
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

LEVI HORTON,
                        Appellant.
_____

Calendar Date:  September 9, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Craig Meyerson, Latham, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Clark, J.

        Appeal from a decision of the County Court of Albany County (Herrick, J.), dated February 20, 2014, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

        In 2007, defendant pleaded guilty to possession of child pornography in satisfaction of a five-count indictment and was sentenced to 10 years in federal prison to be followed by 10 years of supervised release (see 18 USC § 2252A [a] [5] [B]). Upon his release, the Board of Examiners of Sex Offenders completed a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level one sex offender, and recommended an upward departure to a risk level

three classification.  The People submitted a risk assessment instrument that presumptively classified defendant as a risk level three sex offender.  Following a hearing, County Court found that defendant was a presumptive level two sex offender based upon a score of 95 points, but determined that an upward departure was warranted and classified him as a risk level three sex offender.  Defendant now appeals.

County Court was required by statute to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168–n [3]), and it was further required that such order be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; accord People v Cleveland, 139 AD3d 1270, 1271 [2016]; People v Goodwin, 131 AD3d 1284, 1285 [2015]).  The record here does not reflect that an order was ever issued or entered and filed.  While the court executed a standard form designating defendant's risk level classification, that form is not identified as an order (see CPLR 5512 [a]) and does not contain "so ordered" language (see People v Cleveland, 139 AD3d at 1271; People v Goodwin, 131 AD3d at 1285; People v Kemp, 130 AD3d 1132, 1133 [2015]).  Consequently, this appeal is not properly before this Court and must be dismissed (see CPLR 5513, 5515 [1]; People v Cleveland, 139 AD3d at 1271; People v Fuller, 138 AD3d 1358, 1359 [2016]).

McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.


ORDERED that the appeal is dismissed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court