■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CANN, Appellant. [58 NYS3d 697]—

Appeal from a decision of the County Court of Washington County (McKeighan, J.), dated April 15, 2015, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2013, defendant pleaded guilty to course of sexual conduct in the second degree in satisfaction of additional charges and was sentenced to three years in prison, to be followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument in accordance with the

Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively classified defendant as a risk level two sex offender (100 points). Defendant consented to that designation, and County Court thereafter classified him as a risk level two sex offender, with a sexually violent offender designation. Defendant now appeals.

On appeal, defense counsel seeks to be relieved of her assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. However, in imposing a SORA risk level classification, "County Court was required to 'render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based' " (People v Goodwin, 131 AD3d 1284, 1285 [2015], quoting Correction Law § 168-n [3]). Further, such order must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]). Here, the record does not reflect that the court ever issued a written order, or that such order was entered and filed. While the record contains the standard form designating defendant's risk level classification—the "Final Risk Level Determination"—which was executed by the court and contains a date stamp indicating that it was entered, this form is not identified as an order and does not contain "so ordered" language so as to constitute an appealable order (see People v Horton, 142 AD3d 1256, 1257 [2016]; People v Kemp, 130 AD3d 1132, 1133 [2015]; see also CPLR 5512 [a]; People v Cleveland, 139 AD3d 1270, 1271 [2016]; People v Goodwin, 131 AD3d at 1285). Accordingly, this appeal is not properly before this Court and must be dismissed (see CPLR 5513; 5515 [1]; People v Horton, 142 AD3d at 1257; People v Cleveland, 139 AD3d at 1271).

Peters, P.J., Garry, Rose, Clark and Mulvey, JJ., concur. Ordered that the appeal is dismissed, without costs.