People v Scott (2018 NY Slip Op 00203)





People v Scott


2018 NY Slip Op 00203


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

523678

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT SCOTT, Appellant.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


John Ferrara, Monticello, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel) for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a decision of the County Court of Ulster County (Williams, J.), dated August 1, 2016, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with possessing a sexual performance by a child. Defendant subsequently pleaded guilty as charged in exchange for the agreed-upon prison term of 1 to 3 years. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). Although such instrument presumptively classified defendant
as a risk level one sex offender, the Board — based upon defendant's 1991 conviction of sexual abuse in the first degree — requested an override to a presumptive risk level three classification (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]).
At the ensuing hearing, the People advocated in favor of the override and, further, urged County Court to assess additional points under risk factors 3 (number of victims), 7 (relationship with victim) and 11 (drug or alcohol abuse) — an assessment that, in turn, would result in defendant being classified as a risk level three sex offender based upon points alone. Defendant sought a downward departure, contending that the length of time that had elapsed since his prior [*2]sex offense and the numerous character letters submitted upon his behalf warranted a departure to a risk level two classification. County Court, in a bench decision, adopted the People's arguments regarding both the override and the assessment of additional points, denied defendant's request for a downward departure and classified defendant as a risk level three sex offender. Defendant now appeals.
County Court is statutorily required to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; see People v Horton, 142 AD3d 1256, 1257 [2016]; People v Kemp, 130 AD3d 1132, 1132 [2015]). The resulting order "must be in writing" (People v Kemp, 130 AD3d at 1132) and, further, must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Cann, 152 AD3d 828, 829 [2017]; People v Cleveland, 139 AD3d 1270, 1271 [2016]). The record before this Court does not reflect that County Court issued a written order or that any such order subsequently was entered and filed. Although County Court indicated that its bench decision would "serve[] as the order of the [c]ourt," a bench decision is neither a substitute for the required written order nor an appealable paper (cf. People v Ward, 139 AD3d 1254, 1255 [2016]; People v Joseph, 89 AD3d 1324, 1324-1325 [2011]). Notably, neither the transcript of the court's bench decision nor the standard form designating defendant's risk level classification, the latter of which County Court signed and dated, contains the "so ordered" language required "so as to constitute an appealable order" (People v Cann, 152 AD3d at 829; see People v Goodwin, 131 AD3d 1284, 1285 [2015]). Absent evidence of the required written order, this appeal is not properly before us and must be dismissed (see People v Cann, 152 AD3d at 829; People v Horton, 142 AD3d at 1257; People v Cleveland, 139 AD3d at 1271; People v Goodwin, 131 AD3d at 1285; People v Kemp, 130 AD3d at 1133).
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.