People v Lockrow (2018 NY Slip Op 03881)





People v Lockrow


2018 NY Slip Op 03881


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

523328

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN P. LOCKROW, Appellant.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the County Court of Rensselaer County (McGrath, J.), dated June 25, 2003, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In August 2001, defendant pleaded guilty to a superior court information charging him with sodomy in the third degree, and he was sentenced to a prison term of 1 to 3 years. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that, although presumptively classifying defendant as a risk level one sex offender, sought an upward departure to a risk level three classification. Following a hearing, which defendant did not attend, County Court — utilizing a standard risk level
classification form dated June 25, 2003 — classified defendant as a risk level three sex offender with a sexually violent offender designation. Defendant, pro se, prepared two notices of appeal from County Court's June 2003 decision — the most recent of which was dated in 2004.
In October 2006, defendant asked County Court to revisit its 2003 ruling — contending that he "was given the wrong designation for [his] offense." In so doing, defendant made clear that he was not challenging his risk level classification at that time but, rather, sought only to remove his designation as a sexually violent offender. On October 25, 2006, County Court granted defendant's request — again classifying him as a risk level three sex offender but omitting any further designation. Defendant was assigned counsel in this matter in October 2016 and filed his brief with this Court in December 2017.
The appeal must be dismissed. "County Court is statutorily required to render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based. The resulting order must be in writing and, further, must be entered and filed in the office of the clerk of the court where the action is triable" (People v Scott, 157 AD3d 1070, 1071 [2018] [internal quotation marks and citations omitted]; see People v Cleveland, 139 AD3d 1270, 1271 [2016]). Here, the standard form signed by County Court in 2003 classifying defendant as a risk level three sex offender does not contain "the 'so ordered' language required 'so as to constitute an appealable paper'" (People v Scott, 157 AD3d at 1071, quoting People v Cann, 152 AD3d 828, 829 [2017]), and the record does not otherwise reflect that County Court issued a written order that, in turn, was properly entered and filed. Upon that basis alone, this appeal must be dismissed (see People v Scott, 157 AD3d at 1071; People v Cann, 152 AD3d at 829; People v Horton, 142 AD3d 1256, 1257 [2016]). Further, County Court's 2003 risk level classification was superseded by its 2006 risk level classification and corresponding removal of defendant's designation as a sexually violent offender (see generally People v Ceja, 143 AD3d 685 [2016]; People v Willette, 115 AD3d 920 [2014]). In this regard, even assuming, without deciding, that the standard form utilized by County Court in 2006, which was denominated as an order and did contain "so ordered" language, constituted an appealable paper, the record does not reflect that this document was "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]) or, more to the point, that a notice of appeal subsequently was filed therefrom. For all of these reasons, this appeal is not properly before this Court and must be dismissed.
Egan Jr., J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.