People v Head (2018 NY Slip Op 05379)





People v Head


2018 NY Slip Op 05379


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

521938

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
TERRANCE HEAD, Appellant.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Paul R. Corradini, Elmira, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Mary Theresa Northrup of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the County Court of Chemung County (Hayden, J.), dated May 8, 2015, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to rape in the third degree and was sentenced to 1½ years in prison followed by three years of postrelease supervision. In anticipation of defendant's release from prison, a risk assessment instrument was submitted by the People that presumptively classified him as a risk level two sex offender in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). Following a hearing, County Court rejected defendant's challenge to certain assessed points and adjudicated him a risk level two sex offender. Defendant appeals.
County Court is required to "render an order setting forth its determinations and findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]), and that order must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Cann, 152 AD3d 828, 829 [2017]; People v Horton, 142 AD3d 1256, 1257 [2016]). Here, the record does not reflect that a written order was ever issued or entered and filed, and the risk assessment instrument does not contain "so ordered" language so as to constitute an appealable order (see People v Cann, 152 AD3d at 829; People v Horton, 142 AD3d at 1257; see also CPLR 5512 [a]). As such, this appeal is not properly before this Court and dismissal is required (see CPLR 5513, 5515 [1]; People v Cleveland, 139 AD3d 1270, 1271 [2016]).
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the appeal is dismissed, without costs.