People v Lavelle (2019 NY Slip Op 00937)





People v Lavelle


2019 NY Slip Op 00937


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

526338

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL LAVELLE, Appellant.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the County Court of Schenectady County (Sypniewski, J.), dated June 6, 2017, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant was convicted of attempted disseminating indecent material to minors in the first degree and was sentenced to 1½ years in prison, followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders conducted an inquiry to determine defendant's sex offender classification under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). Based on the risk assessment instrument prepared by the Board, defendant scored a 55, presumptively placing him in the risk level one classification under SORA. However, based upon statements that defendant made during an interview with authorities following his arrest, the Board recommended an upward departure to a risk level two classification. The People concurred with the Board's recommendation and, following a hearing, County Court executed a standard final risk level classification form placing him in risk level two. Defendant appeals.
Correction Law § 168-n (3) requires County Court, at the conclusion of a SORA hearing, to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." "Such order must be in writing . . . and entered and filed in the office of the clerk of the court where the action is triable" (People v Kemp, 130 AD3d 1132, 1132-1133 [2015] [internal quotation marks and citations omitted]; see People v Scott, 157 AD3d 1070, 1071 [2018]). Here, the notice of appeal states that it is from a "judicial determination of RISK LEVEL II . . . rendered against [defendant] . . . on the 6th day of June, 2017." The record discloses that the determination at issue is a standard final risk level classification form signed by County Court on June 6, 2017 placing defendant in the risk level two category. Significantly, it does not set forth any written findings of fact or conclusions of [*2]law and does not include the necessary "so ordered" language (see People v Scott, 157 AD3d at 1071; People v Cann, 152 AD3d 828, 829 [2017]; People v Kemp, 130 AD3d at 1133). Given the absence of an appealable order, the appeal is not properly before this Court and must be dismissed (see CPLR 5513, 5515 [1]; People v Horton, 142 AD3d 1256, 1257 [2016]; People v Kemp, 130 AD3d at 1133).
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.