People v Porter (2019 NY Slip Op 08743)





People v Porter


2019 NY Slip Op 08743


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

525325

[*1]The People of the State of New York, Respondent,
v
Trevor Porter, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


John R. Trice, Elmira, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Garry, P.J.
Appeal from a decision of the County Court of Tompkins County (Rowley, J.), entered May 25, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was convicted after a guilty verdict of criminal sexual act in the first degree and criminal sexual act in the third degree stemming from a 2007 incident involving a 15-year-old victim and was sentenced to a 10-year prison term followed by a period of postrelease supervision. In anticipation of defendant's release from prison, a risk assessment instrument was submitted by the Board of Examiners of Sex Offenders that presumptively classified defendant as a risk level three sex offender. Following a hearing, County Court rejected defendant's challenge to certain assessed points, adjudicated him as a risk level three sex offender and designated him as a sexually violent offender. Defendant appeals.
An appealable order must be in writing (see CPLR 2219 [a]; People v Elmer, 19 NY3d 501, 507-508 n 2 [2012]), and must contain language that identifies the document as "either a judgment or order of the court" (Matter of Graziano v County of Albany, 12 AD3d 819, 820 [2004]; see People v Kemp, 130 AD3d 1132, 1132-1133 [2015]). Consistent with these mandates, the Sex Offender Registration Act (see Correction Law art 6-c) requires that County Court must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3] [emphasis added]; see People v Head, 163 AD3d 1296, 1297 [2018]). That written order must then be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Scott, 157 AD3d 1070, 1071 [2018]).
Here, County Court issued a written decision which was subsequently entered and filed. However, the decision contains no language indicating that it is an order or judgment, and it does not appear that a written order was entered and filed (see People v Cann, 152 AD3d 828, 829 [2017]; see also Matter of Graziano v County of Albany, 12 AD3d at 820). Moreover, the risk assessment instrument does not contain "so ordered" language so that it may constitute an appealable order (see People v Scott, 157 AD3d at 1071; People v Cann, 152 AD3d at 829). Accordingly, this appeal is not properly before this Court and must be dismissed (see People v Head, 163 AD3d at 1297; People v Lockrow, 161 AD3d 1492, 1493 [2018]; People v Horton, 142 AD3d 1256, 1257 [2016]; People v Cleveland, 139 AD3d 1270, 1271 [2016]).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.