People v Porter (2019 NY Slip Op 08743)





People v Porter


2019 NY Slip Op 08743


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

525325

[*1]The People of the State of New York, Respondent,
v
Trevor Porter, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


John R. Trice, Elmira, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.
Garry, P.J.
Appeal from a decision of the County Court of Tompkins County (Rowley, J.), entered May 25, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was convicted after a guilty verdict of criminal sexual act in the first degree and criminal sexual act in the third degree stemming from a 2007 incident involving a 15-year-old victim and was sentenced to a 10-year prison term followed by a period of postrelease supervision. In anticipation of defendant's release from prison, a risk assessment instrument was submitted by the Board of Examiners of Sex Offenders that presumptively classified defendant as a risk level three sex offender. Following a hearing, County Court rejected defendant's challenge to certain assessed points, adjudicated him as a risk level three sex offender and designated him as a sexually violent offender. Defendant appeals.
An appealable order must be in writing (see CPLR 2219 [a]; People v Elmer, 19 NY3d 501, 507-508 n 2 [2012]), and must contain language that identifies the document as "either a judgment or order of the court" (Matter of Graziano v County of Albany, 12 AD3d 819, 820 [2004]; see People v Kemp, 130 AD3d 1132, 1132-1133 [2015]). Consistent with these mandates, the Sex Offender Registration Act (see Correction Law art 6-c) requires that County Court must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3] [emphasis added]; see People v Head, 163 AD3d 1296, 1297 [2018]). That written order must then be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Scott, 157 AD3d 1070, 1071 [2018]).
Here, County Court issued a written decision which was subsequently entered and filed. However, the decision contains no language indicating that it is an order or judgment, and it does not appear that a written order was entered and filed (see People v Cann, 152 AD3d 828, 829 [2017]; see also Matter of Graziano v County of Albany, 12 AD3d at 820). Moreover, the risk assessment instrument does not contain "so ordered" language so that it may constitute an appealable order (see People v Scott, 157 AD3d at 1071; People v Cann, 152 AD3d at 829). Accordingly, this appeal is not properly before this Court and must be dismissed (see People v Head, 163 AD3d at 1297; People v Lockrow, 161 AD3d 1492, 1493 [2018]; People v Horton, 142 AD3d 1256, 1257 [2016]; People v Cleveland, 139 AD3d 1270, 1271 [2016]).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.