People v Johnson (2020 NY Slip Op 00006)





People v Johnson


2020 NY Slip Op 00006


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526395

[*1]The People of the State of New York, Respondent,
v
Matthew Johnson, Appellant.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Kelly L. Egan, Rensselaer, for appellant.
Matthew VanHouten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the County Court of Tompkins County (Rowley, J.), entered January 5, 2018, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In December 2010, defendant pleaded guilty to assault in the first degree and attempted criminal sexual act in the first degree stemming from a violent attack on his then-pregnant girlfriend and was sentenced to a prison term of nine years followed by a period of postrelease supervision. In anticipation of defendant's release from prison, a risk assessment instrument was submitted by the Board of Examiners of Sex Offenders that presumptively classified defendant as a risk level two sex offender. The Board, however, strongly recommended an upward departure to a risk level three classification based upon the depraved indifference shown toward the victim and unborn child during the assault, his history of violence toward women, the extent of the victim's injuries and his "deep-seated feelings of abandonment" by his mother that contribute to his domestic violence behavior. Following a hearing at which the People advocated for an upward departure, County Court granted the request and classified defendant as a risk level three sex offender with a sexually violent offender designation. Defendant appeals.
It is a statutory requirement that County Court "render an order setting forth its determinations and findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; see People v Head, 163 AD3d 1296, 1297 [2018]). That written order then must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Scott, 157 AD3d 1070, 1071 [2018]).
Although the record before us contains a decision of County Court that sets forth its findings of fact and conclusions of law, the court did not issue a written order and the risk assessment instrument does not contain the "so ordered" language so as to constitute an appealable order. Absent any order by the court, this appeal is not properly before us and must be dismissed (see People v Head, 163 AD3d 1296 at 1297; People v Lockrow, 161 AD3d 1492, 1493 [2018]; People v Scott, 157 AD3d at 1071; People v Cann, 152 AD3d 828, 829 [2017]).
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.