People v West (2021 NY Slip Op 02027)





People v West


2021 NY Slip Op 02027


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

529978

[*1]The People of the State of New York, Respondent,
v
Henry West, Appellant.

Calendar Date: March 18, 2021

Before: Garry, P.J., Lynch, Aarons and Colangelo, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Garry, P.J.
Appeal from an order of the County Court of Schenectady County (Sypniewski, J.), dated August 6, 2019, which denied defendant's application pursuant to Correction Law § 168—o (2) for reclassification of his sex offender risk level status.
In 1986, defendant was convicted upon his guilty plea of the reduced charge of attempted rape in the first degree in satisfaction of a four-count indictment (140 AD2d 852 [1988]). While on parole, the Sex Offender Registration Act (see Correction Law art 6—C) was enacted and, in 1998, he was classified as a risk level three sex offender.[FN1] In 2004, following a hearing, defendant was redetermined to be a risk level three sex offender. In 2017, he made a pro se motion to modify his risk level classification from a risk level three to a risk level one, pursuant to Correction Law § 168—o (2). Defendant, represented by counsel, later changed the modification request, seeking a risk level two designation. An updated recommendation from the Board of Examiners of Sex Offenders opposed the modification, as did the People. Following a hearing, County Court denied defendant's request for a modification. Defendant appeals.
County Court is statutorily required to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; see People v Johnson, 179 AD3d 1159, 1160 [2020]; People v Horton, 142 AD3d 1256, 1257 [2016]), which "must be in writing" (People v Scott, 157 AD3d 1070, 1071 [2018] [internal quotation marks and citation omitted]). Moreover, the order must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see People v Johnson, 179 AD3d at 1160; People v Cleveland, 139 AD3d 1270, 1271 [2016]). The record before this Court contains a written decision/order dated August 6, 2019 signed by County Court which bears a date stamp and notation that it was "Received by ____," but the order does not reflect that it was entered and filed (see People v Lockrow, 161 AD3d 1492, 1493 [2018]).[FN2] Although the court indicated at the end of the hearing that its bench decision would "constitute the decision and order of the [c]ourt," "a bench decision is . . . no[t] an appealable paper" (People v Scott, 157 AD3d at 1071; see People v Cleveland, 139 AD3d at 1271 n 2). Accordingly, the appeal is not properly before us and must be dismissed (see CPLR 5513, 5515 [1]; People v Kemp, 130 AD3d 1132, 1133 [2015]; People v Davis, 130 AD3d 1131, 1132 [2015]).
Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Defendant was further convicted in 1997 of rape in the first degree and other crimes and sentenced to an aggregate prison term of 25 years to life (People v West, 257 AD2d 767 [1999], lv denied 93 NY2d 880 [1999]) but, according to the People, a SORA risk level classification has not been issued on those crimes.

Footnote 2: Although County Court's form order states that "the Court hereby grants the [p]etition of the [d]efendant," on the next line, it states that "[d]efendant's risk factor is hereby not modified from a [risk l]evel 3," and the court's bench decision indicates that it was denying the application for reclassification.