People v Wassilie (2021 NY Slip Op 02196)





People v Wassilie


2021 NY Slip Op 02196


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

528975
[*1]The People of the State of New York, Respondent,
v
Sam Wassilie, Appellant.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Angela Kelley, Albany, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Clark, J.
Appeal from a decision of the County Court of Columbia County (Koweek, J.), entered April 2, 2018, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty in 2015 to 10 counts of unlawful surveillance in the second degree and was sentenced to a prison term of 2&frac13; to 7 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (90 points). At the ensuing hearing, the People offered the risk assessment instrument with the attached case summary into evidence and did not request an upward modification. Noting that it had presided over the plea proceeding and had, just prior to the hearing, reviewed that file and the presentence investigation report, County Court assessed defendant an additional 20 points under risk factor 4 (duration of offense conduct with victim) and 10 points under risk factor 10 (recency of prior felony or sex crime), resulting in a presumptive risk level three sex offender classification (120 points). The court designated defendant as a level three sex offender, rejecting defendant's challenge to the additional assessed points as well as to other points assessed by the Board. Defendant appeals.
"It is a statutory requirement that County Court 'render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based'" (People v Johnson, 179 AD3d 1159, 1160 [2020], quoting Correction Law § 168-n [3] [citation omitted]). "That written order must then be 'entered and filed in the office of the clerk of the court where the action is triable'" (People v Porter, 178 AD3d 1159, 1160 [2019], quoting CPLR 2220 [a] [citation omitted]; see People v Johnson, 179 AD3d at 1160). At the risk assessment hearing, County Court directed that the hearing "be transcribed with a so[-]ordered provision on the bottom as constituting [its] findings of fact and conclusions of law." However, the hearing transcript ultimately did not include any such so-ordered provision. The record does not otherwise reflect that a written order was issued or entered and filed. The filed risk assessment instrument does not contain "so ordered" language so as to constitute an appealable order. Absent an order from County Court, this appeal is not properly before us and dismissal is required (see People v Johnson, 179 AD3d at 1160; People v Porter, 178 AD3d at 1160; People v Head, 163 AD3d 1296, 1297 [2018]; see also CPLR 5513, 5515 [1]).
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.