People v Lane (2021 NY Slip Op 07324)





People v Lane


2021 NY Slip Op 07324


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

531040

[*1]The People of the State of New York, Respondent,
v
Todd Lane, Appellant.

Calendar Date:November 18, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Shane A. Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
David E. Woodin, Special Prosecutor, Catskill, for respondent.


Garry, P.J.
(1) Appeal from a decision of the County Court of Columbia County (Koweek, J.), dated July 10, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act, and (2) motion pursuant to CPL 460.30 (1) for an extension of time to file a notice of appeal.
Defendant pleaded guilty to an indictment charging him with rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree and, in January 2010, received an aggregate sentence of 10 years in prison to be followed by 20 years of postrelease supervision (192 AD3d 1262, 1262-1263 [2021]). Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) prior to his release from prison, County Court, in a bench decision, denied defendant's request for a downward departure, classified him as a risk level two sex offender and designated him as a sexually violent offender. At the end of its bench decision, the court directed that the minutes be transcribed with a so-ordered provision and served upon counsel. Defendant filed a July 2019 notice of appeal from that risk level assessment; no transcript or other order had been signed at the time.
After this appeal was perfected, the People argued in their brief — as well as addressing the merits — that the appeal should be dismissed because the notice of appeal did not reference an appealable judgment or order, and no such written order existed. Defendant then obtained a so-ordered copy of the transcript, signed by County Court on April 16, 2021, and submitted it to the Columbia County Court Clerk's office. On April 19, 2021, counsel filed a document labeled an amended notice of appeal challenging the July 2019 SORA determination and "the corresponding order dated April 16, 2021." Defendant then moved in this Court for an extension of time to file a notice of appeal, pursuant to CPL 460.30. The People opposed, arguing that the CPL does not apply in this civil proceeding and the time to file a notice of appeal cannot be extended in these circumstances. The motion and the appeal are now before us.
This matter presents a challenging procedural quagmire, based upon errors which are, in some respects, unfortunately common. There is considerable confusion and repeated error relative to the proper recording of court orders containing SORA determinations. It is possible that these recurrent errors arise from the fact that these civil SORA proceedings and their accompanying procedures are often undertaken by officials more accustomed to performing duties in a manner consistent with the provisions of the CPL, rather than the CPLR. Considering the circumstances, we take this opportunity to address the requisite legal procedures in some depth, and we will also offer some extraordinary relief in this singular appeal.
"County Court is statutorily required to 'render an order setting forth its determination and the findings [*2]of fact and conclusions of law on which the [SORA] determinations are based'" (People v West, 193 AD3d 1127, 1128 [2021], quoting Correction Law § 168-n [3] [citations omitted]; see People v Porter, 178 AD3d 1159, 1160 [2019]; People v Scott, 157 AD3d 1070, 1071 [2018]). "The resulting order must be in writing and, further, must be 'entered and filed in the office of the clerk of the court where the action is triable'" (People v Scott, 157 AD3d at 1071, quoting CPLR 2220 [a] [internal quotation marks and citation omitted]; see CPLR 5016 [a]; People v Wassilie, 193 AD3d 1193, 1194 [2021]; People v Cann, 152 AD3d 828, 829 [2017]; People v Cleveland, 139 AD3d 1270, 1271 [2016]). The Legislature has designated the County Clerk as "clerk of the county court within his [or her] county" (County Law § 525 [1]; see CPLR 105 [e]; Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745, 747 [2002]). Thus, where the CPLR refers to a "clerk" or the clerk of Supreme Court or County Court, it means the County Clerk (see CPLR 105 [e]; Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d at 747). A judgment or order in a civil action or proceeding is deemed entered under the CPLR "when, after it has been signed by the clerk, it is filed by him [or her]" (CPLR 5016 [a]; see Olivaria v Lin & Son Realty Corp., 84 AD3d 423, 425 [2011]; see also CPLR 2220, 5017 [a]). Generally, "appeals from orders that have not been entered are subject to dismissal" (Matter of Ryan v Nolan, 134 AD3d 1259, 1261 n [2015], citing CPLR 2220 [a]; 5016 [a]; 5513 [a]; see People v West, 193 AD3d at 1128).
Despite the statutory requirement that the court render a written SORA "order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]), the lack of such orders is a recurring problem (see e.g. People v Scott, 157 AD3d at 1071; People v Cann, 152 AD3d at 829; People v Cleveland, 139 AD3d at 1271; People v Kemp, 130 AD3d 1132, 1133 [2015]). In some cases, as here, the court states during a bench decision that a so-ordered provision will be provided on the transcript but that does not occur (see e.g. People v Wassilie, 193 AD3d at 1194). In others, the court signs a standard form designating the defendant's risk level classification without "so-ordered" language or specific findings and conclusions (see e.g. People v Lockrow, 161 AD3d 1492, 1493 [2018]). In each of these situations, this Court generally dismisses the appeal, as we must, because it is not properly before us due to the lack of an appealable order (see e.g. People v Wassilie, 193 AD3d at 1194; People v West, 193 AD3d at 1128; People v Cann, 152 AD3d at 829). This creates a confusing situation in which no proper order exists regarding the defendant's status under SORA (see Correction Law § 168-n [3]).[FN1]
After a civil motion is determined, the resulting order must be entered by the County Clerk (see CPLR 2220 [a]; County Law § 525 [1]). [*3]Generally, in any civil case, upon a clerk's entry of a written order, the prevailing party should serve a copy of the order, together with notice of entry, upon the losing party (see CPLR 2220 [b]; 5513 [a]; see also Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2220:1 at 370 [2020 ed] [noting that "the practitioner would do well, after having won a motion, to file the requisite papers promptly"]). The losing party, once served with a copy of that entered order and notice of entry, has 30 days to take an appeal as of right (see CPLR 5513 [a]; see also Correction Law § 168-n [3]). Pursuant to SORA, "the district attorney, or his or her designee," is statutorily required to appear at the SORA hearing on behalf of the state and bears the burden of proving the facts supporting the risk level determination being sought (Correction Law § 168-n [3]). Thus, the People bear the responsibility of ensuring that a written SORA order is entered and that notice of entry, along with a copy of that written order, is served on the defendant.
In cases where no written SORA order exists, such as was initially true in this case, it is inconsistent for the People to fail to ensure that a written order was produced or entered, yet later seek dismissal of a defendant's appeal for lack of an appealable order. We recognize that, in cases where the People did not promptly seek entry of a written order, a defendant "who feels aggrieved by the [People's] failure to seek entry [of a SORA order] may have the [written order] entered and need not wait for the prevailing party to act" (Funk v Barry, 89 NY2d 364, 368 n [1996]; see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5016 at 503 [2007 ed]).[FN2] However, the failure of courts to issue proper written SORA orders, or of the People to ensure entry thereof, should not regularly become a burden on the defendants who are unsuccessful parties at SORA hearings — as we find it so frequently has.
Here, defendant attempted to cure the lack of a written and entered order by obtaining a so-ordered copy of the transcript in April 2021 and submitting it to the County Court Clerk's office. Even that effort was unavailing. The written order in this matter does not contain a signature, stamp or other notation indicating that the County Clerk signed the order and then filed it so as to reflect proper entry (see CPLR 5016 [a]). This Court thus inquired of both the County Clerk and County Court Clerk to determine whether the written order was ever entered. In response to this inquiry, the County Court Clerk's office advised that the order was "deemed entered on April 16, 2021 when [that office] received it but it was never actually stamped [or signed]" as entered or received. The County Clerk, in turn, advised that a copy of the so-ordered transcript was attached as an exhibit to the amended notice of appeal; apparently, the original order was never submitted [*4]to that office for entry and might be still in the possession of the County Court Clerk.[FN3] As the County Clerk has not signed and then filed the April 16, 2021 written order, it has not been properly entered by "the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see CPLR 105 [e]; 5016 [a]; County Law § 525 [1]; Matter of Reynolds v Dustman, 1 NY3d 559, 561 [2003] [holding that a notice of entry did not contain its "essential elements" where the challenged decision and order "was neither stamped with the date and place of entry nor signed by the clerk," citing CPLR 5016 (a)]; People v West, 193 AD3d at 1128; Bogoch v W.S.L.S.J. & I. Weinreb, 295 AD2d 108, 109 [2002] [dismissing the appeal because the order was "not signed by the clerk, and (the order) therefore cannot qualify as an entered (order)"]; People ex rel. Campolito v Portuondo, 248 AD2d 768, 769 [1998] [stating that "the date the order is signed does not . . . constitute entry thereof"]; Eigenbrodt v Eigenbrodt, 217 AD2d 752, 753 [1995] [noting that "(a) judgment (or order) is entered only after it has been both signed and filed by the County Clerk"]; Matter of Halpin v Perales, 203 AD2d 675, 677 [1994] [explaining that "(e)ntry does not occur . . . until the clerk files the judgment (or order) after signing it"]; see also David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5016 at 502; 39 Siegel's Practice Review, Mere Notice of Filing Doesn't Suffice to Start Appeal Time, at 4 [Dec. 1995]).
Generally, when presented with an appeal from a SORA decision or order that was not properly entered, we dismiss the appeal as not properly before us (see e.g. People v West, 193 AD3d at 1128; People v Lockrow, 161 AD3d at 1493; People v Fuller, 138 AD3d 1358, 1359 [2016]; People v Davis, 130 AD3d 1131, 1132 [2015]; see also CPLR 5016 [a]; 5512 [a]; 5515 [1]; cf. People v Laurange, 97 AD3d 995, 996 [2012] [dismissing the appeal as not properly before the Court where the Columbia County Clerk's office refused to enter the challenged order]). Here, that result would be unfair, as defendant — who was not the prevailing party that would ordinarily be obliged to ensure entry of an order — already took additional steps to obtain an order signed by County Court and attempted to file it with the County Court Clerk's office. We recognize that defendant erred in submitting the order to the wrong clerk's office. However, it bears repeating that it was the People's obligation originally — in July 2019 — to submit a written SORA order to the County Clerk for entry. Despite defendant's efforts, failure by the various government officials led to this situation where, still in late 2021, no properly entered appealable paper exists. Under these unusual circumstances, the interests of justice demand that we offer relief rather than dismiss defendant's appeal.[FN4] Thus, we withhold decision on the merits of the appeal and the motion and take the extraordinary [*5]step of directing the People to ensure that the original April 16, 2021 order is delivered to the County Clerk for entry, and to then serve a copy of the entered order and notice of entry on defendant and this Court within five days after entry.
Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision on the motion and the appeal is withheld, and the People are directed to ensure that the original April 16, 2021 order is delivered to the Columbia County Clerk for entry forthwith, and to then serve a copy of the entered order with notice of entry on defendant and this Court within five days after entry.



Footnotes

Footnote 1: Nonetheless, a defendant who chooses to flout the government's expectations acts at his or her own peril and may be charged with a crime or subjected to revocation of probation or parole for failing to abide by a court's SORA determination (see Correction Law § 168-t), despite the absence of a proper order. Such a scenario is clearly untenable.

Footnote 2: As Correction Law § 168-n (3) allows either party to appeal, it is possible that a defendant may wish to proceed by entering the order, and there is no bar to doing so.

Footnote 3: Some confusion might arise due to individuals and offices sharing similar titles but having different functions. Although one may reasonably assume that the County Court Clerk — or the Chief Clerk of Supreme and County Courts, as that individual is called in some counties — is the clerk of County Court for filing purposes, that assumption would be incorrect; the County Clerk fills that role (see CPLR 105 [e]; David D. Siegel & Patrick M. Connors, NY Prac § 63 at 113 [6th ed 2018]). Court clerks are court system employees, as opposed to the County Clerk, who is an elected official (see NY Const, art XIII, § 13 [a]). "The [C]ounty [C]lerk's office is in large measure a financial office, to which all the fees connected with litigation are paid" (David D. Siegel & Patrick M. Connors, NY Prac § 63 at 113-114 [6th ed 2018]). As the County Clerk's office is also the repository of real property docket books (see County Law § 525 [2]), the recording or docketing of a judgment occurs almost simultaneously with its entry (see David D. Siegel & Patrick M. Connors, NY Prac § 418 at 815 [6th ed 2018]). On the other hand, "the daily business of litigation is conducted
. . . through other 'clerk' offices," such as that of the County Court Clerk (David D. Siegel & Patrick M. Connors, NY Prac § 63 at 113-114 [6th ed 2018]).

Footnote 4: Dismissal of such appeals has resulted in a waste of time and money by the parties, as well as judicial resources. Specifically, the parties have addressed the merits of the case in their appellate briefs, and those briefs have been reviewed by the Court. Dismissal under these circumstances usually leads one of the parties to properly enter an order, followed by the defendant filing and perfecting a new appeal raising the same merits arguments, to be responded to by the People again with their same arguments. Typically, this Court reads the original appellate briefs, including the merits portions, drafts a decision dismissing the appeal, then reviews those arguments again upon the new appeal and issues a second decision upon the merits (see e.g. People v Kemp, 163 AD3d 1339, 1340 [2018], lv denied 32 NY3d 919 [2019]).