People v Lockrow (2023 NY Slip Op 01030)

People v Lockrow

2023 NY Slip Op 01030

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

532915 
[*1]The People of the State of New York, Respondent,
v
Kevin P. Lockrow, Appellant.

Calendar Date:January 18, 2023

Before:Lynch, J.P., Aarons, Ceresia and Fisher, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.

Aarons, J.
Appeal from an order of the County Court of Rensselaer County (Patrick J. McGrath, J.), entered November 5, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2001, defendant pleaded guilty to sodomy in the third degree, stemming from his sexual contact with a minor, and was sentenced to a term of imprisonment. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). The Board presumptively placed defendant in the risk level one classification but recommended an upward departure to a risk level three classification. A hearing was held on June 25, 2003, at which defendant did not appear. Following the hearing's conclusion, County Court agreed with the Board's recommendation of a risk level three classification for defendant. The court also designated defendant a sexually violent felony offender. Subsequently, in 2006, defendant requested that the court modify the 2003 decision by removing the sexually violent felony offender determination. In 2006, the court granted defendant's request and removed the sexually violent felony offender determination. A written order effectuating the court's 2006 decision was eventually filed and entered in 2020. Defendant appeals.
As an initial matter, the People contend that the appeal should be dismissed because defendant is not aggrieved by the 2020 order. It is true that, in the 2020 order, defendant received his requested relief of removal of the sexually violent felony determination. This part of the 2020 order, however, is not at issue on appeal. The 2020 order also stated that defendant was being classified at risk level three pursuant to the June 2003 hearing. Defendant challenges this upward departure from risk level one to risk level three on procedural and substantive grounds. The question thus becomes whether defendant can do so in his appeal from the 2020 order. We answer this question in the affirmative.
It would seem that any challenge as to the risk level classification must come from an appeal from the 2003 decision. For various reasons, however, an appeal from the 2003 decision was not possible. First, it does not appear that the 2003 decision was embodied in a written order that was properly filed and entered with the County Clerk. In view of this, no appealable paper existed. Indeed, defendant's appeal from the 2003 decision was dismissed for this reason (161 AD3d 1492, 1493 [3d Dept 2018]; see People v Lane, 202 AD3d 32, 38-39 [3d Dept 2021]). Second, even if the 2003 decision constituted an appealable paper, it was ultimately superseded in 2006 (161 AD3d at 1493). In other words, the 2003 decision ceased to exist and was replaced in 2006. More to the point, it is as though defendant's risk level classification was being pronounced for the first time in 2006, later embodied [*2]in the 2020 order. Accordingly, defendant's appeal from the 2020 order encompasses a challenge to the risk level classification.
The People maintain that defendant, in his 2006 request, explicitly relinquished any challenge to his risk level classification. Defendant, however, merely stated that he was "not appealing [his risk] level [classification] at this time." Such statement did not constitute a relinquishment of any right to contest the risk level classification. Moreover, as previously noted, when defendant made his 2006 request, he could not appeal his risk level classification because no appealable order had yet existed. As such, defendant could not relinquish what he did not have.
Regarding the upward departure from risk level one to risk level three, defendant argues that he did not receive sufficient notice of the hearing. Due process requires that a defendant be given notice of a hearing where his or her risk classification will be determined (see People v David W., 95 NY2d 130, 138 [2000]). As relevant here, "[a]t least [20] days prior to the determination proceeding, the sentencing court shall notify the district attorney, the sex offender and the sex offender's counsel, in writing, of the date of the determination proceeding" (Correction Law § 168-n [3]).
Although the hearing took place on June 25, 2003, defendant was only advised of it in a letter dated June 11, 2003.[FN1] Accordingly, defendant's due process rights were violated given that he was not afforded the minimum 20-day notice as required by statute (see People v Scott, 96 AD3d 1430, 1430-1431 [4th Dept 2012]; People v Brooksvasquez, 24 AD3d 644, 644 [2d Dept 2005]). The People respond that defendant explained in a letter sent after the June 2003 hearing that he chose not to attend that hearing because he did not think he would be classified at risk level three. This letter, however, postdated the hearing and any explanation made therein does not amount to a waiver of the right to appear at the hearing. Furthermore, defendant's posthearing explanation does not obviate the notice requirements that defendant must be statutorily given prior to the hearing.
Based on the foregoing, the matter must be remitted so that there can be compliance with the dictates of Correction Law § 168-n (3). That said, we express no opinion on the merits of County Court's determination to classify defendant at risk level three. Defendant's remaining argument is academic in view of our determination.
Lynch, J.P., Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The actual letter is not in the record but is referenced therein. No party argues that defendant was advised of the hearing date in a different or earlier letter.