People v Holland (2024 NY Slip Op 05001)

People v Holland

2024 NY Slip Op 05001

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

534079
[*1]The People of the State of New York, Respondent,
v
Gregory S. Holland, Appellant.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Kurt C. Reh of counsel), for respondent.

Ceresia, J.
Appeal from a decision of the County Court of Clinton County (Keith M. Bruno, J.), entered June 17, 2021, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2009, in full satisfaction of a multicount indictment, defendant pleaded guilty to rape in the first degree and was sentenced to a prison term of 15 years, to be followed by five years of postrelease supervision. In anticipation of defendant's release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (110 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). Following a hearing, County Court classified defendant as a risk level three sex offender with a sexually violent offender designation. This appeal ensued.
"County Court is statutorily required to 'render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based' " (People v West, 193 AD3d 1127, 1128 [2021] [citations omitted], quoting Correction Law § 168-n [3]; accord People v Lane, 202 AD3d 32, 35 [3d Dept 2021]). Although County Court indeed issued a written decision setting forth its findings of fact and conclusions of law, "the decision contains no language indicating that it is an order or judgment, and it does not appear that a written order was entered and filed" (People v Porter, 178 AD3d 1159, 1160 [3d Dept 2019]; see People v Wassilie, 193 AD3d 1193, 1194 [3d Dept 2021]). Similarly, the final risk level determination signed by County Court "does not contain [any] 'so ordered' language so as to constitute an appealable order" (People v Johnson, 179 AD3d 1159, 1160 [3d Dept 2020]; see People v Wassilie, 193 AD3d at 1194). Absent an order from County Court, the appeal is not properly before us and must be dismissed (see People v Wassilie, 193 AD3d at 1194; People v Johnson, 179 AD3d at 1160).
Aarons, J.P., Lynch, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.